UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0210-SEB-TAB-1 |
| | ) | |
| THOMAS L. WOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 8, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 17, 2013 and the Supplemental Petition filed on April 18, 2014. Defendant Wood appeared in person with his appointed counsel, Joe Cleary. The government appeared by Gayle Helart, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Wood of his rights and provided him with a copy of the petition. Defendant Wood waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Wood admitted the violations. [Docket Nos. 37 & 41.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1     **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

A home exam and search was conducted at Mr. Wood's last reported residence of 825 North Lasalle Street, Indianapolis, Indiana, on December 6, 2013, and collateral contact was made with his uncle, Richard "Joey" Cline, who reported the offender had last stayed at the home the night of December 3, 2013, claiming he was going to his probation appointment. He has not returned since that time. He has not contacted the probation officer to report a change of residence and his current whereabouts is unknown.

2     **"The defendant shall report in a manner and frequency directed by the court or probation officer."**

Mr. Wood was instructed to submit a written Monthly Supervision Report to the probation office between the 1st and 5th of each month. He failed to submit a report for November 2013. Additionally, on December 3, 2013, he failed to report to the probation office as instructed.

3     **"The defendant shall not commit another federal, state, or local crime."**

Pursuant to Indiana Code (IC 11-8-8-17), a sex offender who knowingly or intentionally fails to register when required, and/or does not reside a their registered address commits a class D felony. The offense is increased to a Class C felony when an offender has a prior unrelated conviction. On September 7, 2012, Mr. Wood was convicted of Sexual Battery, felony, in Marion County, Indana, under Cause number 49G01-1108-FB-0546. He is on parole for his offense and has a 10-year registration requirement. To date, he has failed to update his sex offender registration and he is in violation of IC 11-8-8-17.

4     **"The defendant shall refrain from any unlawful use of a controlled substance."**

On September 24,2 013, October 22, 2013, November 2, 2013, and November 22, 2013, the offender submitted urine samples which tested positive for marijuana.

5     **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include**

**no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

On December 6, 2013, Mr. Wood was unsuccessfully discharged from the substance abuse program at the Indianapolis Counseling Center, Indianapolis, Indiana, for anon-attendance. Also, he has failed to pay his $150 co-payment fee.

6     **"The defendant shall pay any fine/restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of probation/supervised release."**

The offender has made no attempts to satisfy his fine or special assessment. He signed an agreement to pay $80 monthly toward his court-ordered obligations, but has not made a good faith effort to make any payments toward the debts.

7     **"The defendant shall make a good faith effort to obtain a G.E.D. or high school diploma within the first two years of supervision."**

As of the filing of this petition, Mr. Wood has not participated in G.E.D. classes as instructed by the probation officer.

8     **"The defendant shall not commit another federal, state, or local crime."**

On January 23, 2014, Mr. Wood was arrested by officers from the Indianapolis, Indiana, Metropolitan Police Department (IMPD) and charged with Count 1, Resisting Law Enforcement, felony; Count 2, Resisting Law Enforcement, misdemeanor; Count 3, Criminal Mischief, misdemeanor; and County 4, Refusal to Identify, misdemeanor. On January 24, 2014, the charges were filed in the Marion County, Indiana, Superior Court 24 under cause number 49F24-1401-FD-003455. Subsequently, on February 18, 2014, the offender was convicted of Count 2, Resisting Law Enforcement, misdemeanor, and was sentenced to 365 days executed at the Marion County Jail, where he is currently serving his sentence. His projected release date is July 23, 2014. Counts 1 and 3 were dismissed, and Count 4 was not filed.

According to the Probable Cause Affidavit, on January 23,2 014, officers from IMPD were dispatched to a duplex on a report of a disturbance between neighbors. Reportedly, the offender and his neighbors were engaged in an altercation which resulted in a dispute over loud music at

his residence. The altercation led to Mr. Wood and a relative attempting to violently enter their neighbor's home. They were scared off and went back into their side of the house. Officers later arrived on the scene and attempted to make contact with them at their residence. However, Mr. Wood and his accomplice fled to the garage located in the back of the house. The offender was eventually encountered by police, and in the process of being handcuffed, he attempted to flee and injured the officer. He further ensued in a struggle with the officer, including attempting to spit on him. Once finally handcuffed and placed under arrest, he falsely identified himself. It is noted he was a supervised release absconder with an active arrest warrant when this incident occurred.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade B violation.

(b) Defendant's criminal history category is II.

(c) The range of imprisonment applicable upon revocation of Defendant Wood supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly recommended a sentence of 6 months to be served in the BOP with 2 years of supervised release to follow. Defendant Wood would continue on the previously ordered conditions of supervised release with the addition of the following conditions:

(a) financial disclosure;

(b) substance abuse treatment and testing;

(c) search/seizure;

(d) sex offender registry requirements;

(e) computer restriction and monitoring, including smart phones;

(f) sex offender treatment with polygraph testing and the release of the

presentence report to the treatment provider;

(g) no contact with minor children unless approved by USPO; and

(h) not to possess or view pornography, erotica or nude images.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 6 months, followed by 2 years of his supervised release. The Defendant will be released on the previously ordered conditions of supervised release with the additions listed in paragraph 5. The Court recommends the Defendant be designated to USP Terre Haute. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 08/13/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal