UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0210-SEB-TAB |
| | ) | |
| THOMAS L. WOOD, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On May 28, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 28, 2015.  Defendant Wood appeared in person with his appointed counsel, Gwendolyn Beitz and Sara Varner.  The government appeared by Doris Pryor, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Nutter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.The Court advised Defendant Wood of his rights and provided him with a copy of the petition.  Defendant Wood waived his right to a preliminary hearing.

2.After being placed under oath, Defendant Wood admitted violations 1, 3, and 4. [Docket No. 55.]  Government orally moved to dismiss violations 2 and 5 and the Court granted the same.

3.The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

Upon his release from imprisonment, the offender resided at an approved residence with this grandmother in Nineveh, Indiana. On April 3, 2015, the probation officer called the offender who stated he moved in with his girlfriend, Melissa Richards, and her 18-month-old daughter a few days earlier at 2414 English Avenue, Indianapolis. The offender did not notify the probation officer 10 days prior to moving. The probation officer reminded Mr. Wood of his obligation to notify his probation officer prior to moving. On April 7, 2015,the probation officer me with the offender in person and again instructed him to notify his probation officer at least 10 days prior to moving in the future.

On April 13, 2015, the probation officer checked the Indiana Sex Offender Registry which reflected the offender's current address as 1230 N. Tacoma Ave., Indianapolis. The probation officer called the offender who stated he moved in with his mother and her boyfriend, but he was not aware he had to notify the probation officer before he moved.

| | |
|---|---|
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On April 7, 2015, a urine sample was collected and the offender stated the results would be negative for illicit substances. A few minutes later, Mr. Wood Admitted he used marijuana on or about March 20, 2015. The probation officer asked the offender why he would continue to use marijuana when he knows he will be tested for drugs, and the offender replied that he "likes smoking weed." The urine sample was positive for marijuana.

As previously reported to the Court, the offender tested positive for marijuana on February 2, 2015, and March 13, 2015. At that time, no action was taken to allow the offender time to enter drug treatment.

| | |
|---|---|
| 4 | **"The defendant shall not have any unsupervised contact with any minor child, unless approved by the Court. Supervised contact with a minor child must be approved in advance by the probation officer."** |

> On April 3, 2015, the offender stated that he moved in with his girlfriend, Melissa Richards, and her 18-month-old daughter at 2414 English Avenue, Indianapolis, a few days earlier. Neither the Court nor the probation officer approved the offender to have contact with the minor child.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence of 6 months to be served in the Federal Bureau of Prisons with no supervised release to follow. Defendant further requested placement as close to Indianapolis, Indiana as possible.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 6 months, with no supervised release to follow. The Court will recommend placement in a facility as close to Indianapolis, Indiana as possible. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:   06/01/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal

5